UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEDIMINAS J. GELDYS,

        Plaintiff,

                                  Case No. 16-11729

v.

CITY OF DEARBORN HEIGHTS,

        Defendant.
                                  /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION**

    Plaintiff Gediminas J. Geldys initiated this action on May 16, 2016 against Defendant City of Dearborn Heights, seeking to stop the City from executing a demolition order against his house. (Dkt. # 1.) Plaintiff has also filed an application to proceed *in forma pauperis,* (Dkt. # 3), which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2), because the court lacks subject matter jurisdiction over Plaintiff's claim.

**I. STANDARD**

    Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to

*sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Wershe v. Combs,* 763 F.3d 500, 505 (6th Cir. 2014); *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005).

## II.  DISCUSSION

Plaintiff's *pro se* Complaint, construed liberally, claims that his due process rights were violated during the state court procedure that lead to a default judgment against him and the issuance of an order to demolish his allegedly dilapidated house. Though the Complaint contains no citation to the statute, this action is presumably brought under 42 U.S.C. § 1983. However, section 1983 is not a mechanism for federal district court review of state court proceedings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). The doctrine reinforces the principle that only the Supreme Court may conduct federal review of state court proceedings*. See, e.g.*, *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506 (6th Cir. 2000). The doctrine applies "in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial

2

proceedings of state courts." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

The Sixth Circuit has articulated its reasoning in determining whether an action is "inextricably intertwined."

> [T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Peterson*, 305 F.3d at 391 (citations omitted). "Courts applying the Rooker/Feldman abstention doctrine have done so in two types of cases: (1) cases that constitute a direct attack on the substance of the state court opinion, and (2) cases that challenge the procedures by which a state court arrived at its decision." *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

The *Rooker-Feldman* doctrine applies in this case. Michigan courts have already considered and rejected the exact claims that Plaintiff advances here. In *City of Dearborn Heights v. Geldys*, No. 321729, 2015 WL 6167512 (Mich. Ct. App. Oct. 20, 2015), the Michigan Court of Appeals rejected Plaintiff's attempts to set aside the default judgment that approved of the demolition order issued for his house and found that he was liable to the City for the cost of demolition. The state court specifically noted "[t]here is nothing in the record remotely suggesting that [Mr. Geldys'] procedural and substantive due process rights were violated. [Mr. Geldys] was afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner for purposes of procedural due process, and, for purposes of substantive due process, the city's demolition procedures applicable to dangerous structures advanced a reasonable

3

government interest and were not arbitrary or capricious." *Id.* at *5. Because the instant action seeks review of the same proceedings and default judgment, "federal court relief can only be predicated upon a conviction that the state court was wrong." *See Peterson*, 305 F.3d at 391. As section 1983 does not provide federal district courts a basis for review of state court decisions, the action must be dismissed.

Geldys' opportunities for review of the Michigan Court of Appeals decision are with the Michigan Supreme Court and, ultimately, the United States Supreme Court.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2)(B).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522