UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEDIMINAS J. GELDYS,

        Plaintiff,

v.

        Case No. 16-11729

CITY OF DEARBORN HEIGHTS,

        Defendant.
                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
VACATE ORDER DISMISSING CASE**

      Pending before the court is Plaintiff's Motion to Vacate Order Dismissing Case seeking reconsideration of the court's prior order granting leave to file *in forma pauperis* and dismissing the case. (Dkt. #7.) Defendant has not filed any response brief, and the court has determined that no response or hearing is necessary. *See* E.D. Mich LR 7.1(h)(2). For the reasons stated below, this court will deny Plaintiff's motion.

      Plaintiff filed the instant case seeking to stop the city from executing a demolition order against his house. (Dkt. #1.) This court granted an associated application to proceed *in forma pauperis*, but in the same order granted *sua sponte* dismissal of Plaintiff's case pursuant to 42 U.S.C. § 1915(e)(2)(B). The court concluded that Plaintiff's requested relief was barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing state court determinations. (Dkt. #6.) Plaintiff's motion does not address this defect in his case as identified by the court's prior order but instead focuses on the underlying merits of the condemnation action and whether he felt he received adequate process. However, as described in this court's earlier

decision, the state appellate court already addressed this question and determined that "[t]here is nothing in the record remotely suggesting that [Mr. Geldys'] procedural and substantive due process rights were violated. [Mr. Geldys] was afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner for purposes of procedural due process, and, for purposes of substantive due process, the city's demolition procedures applicable to dangerous structures advanced a reasonable government interest and were not arbitrary or capricious." *Heights v. Geldys*, No. 321729, 2015 WL 6167512, *5 (Mich. Ct. App. Oct. 20, 2015).

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

Nothing within Plaintiff's motion has identified a palpable defect within the court's prior opinion. Instead it recites issues which were already deemed insufficient to support a claim as presented in his complaint, (Dkt. #1), and Motion for Temporary Restraining Order, (Dkt. #5). As such, the court will deny Plaintiff's motion for reconsideration.

IT IS ORDERED that Plaintiff's Motion to Vacate Order Dismissing Case (Dkt. # 7) is DENIED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: February 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2017, by electronic and/or ordinary mail.

          S/Shawna C. Burns
          Case Manager Generalist
          (810) 984-2056